UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JAMES E. THOMSON, JR.,

        Movant,

                                          Case No. 2:16-CV-22

v.                                          (Criminal Case No. 2:06:CR:12)

UNITED STATES OF AMERICA,              HON. GORDON J. QUIST

        Respondent.

_____/

## OPINION

       Movant, James E. Thomson, has filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody, based on *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held that the residual clause set forth in the Armed Career Criminal Act (ACCA) is void for vagueness. *Id.* at 2563. Movant argues that, after *Johnson*, his sentence under the ACCA cannot stand because the enhancement of his sentence pursuant to the residual clause violates his right to due process.

       Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in relevant part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Having conducted such review, the Court concludes that the motion should be dismissed because Movant is not entitled to relief.

### BACKGROUND

       On May 26, 2006, Movant pled guilty to one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Case No. 2:06-CR-12, dkt. # 19.) On February 12, 2007, this

Court sentenced Movant as an Armed Career Criminal under the ACCA, finding that Movant had previously been convicted of three burglaries constituting "violent felonies," which increased his sentence under the ACCA. (*Id.*, dkt. # 38 at PageID.121–22.) Accordingly, the Court sentenced Movant to the mandatory minimum of fifteen years' imprisonment. *See* 18 U.S.C. § 924(e)(1).

Movant appealed his sentence to the United States Court of Appeals for the Sixth Circuit, arguing that this Court erred in determining that two of his prior convictions for burglary counted as "violent felonies." (*Id.*, dkt. # 40 at PageID.151.) On March 10, 2008, the Sixth Circuit affirmed Movant's sentence, holding that Movant's prior burglary convictions constitute violent felonies under the ACCA. (*Id.*) The Sixth Circuit issued its mandate on June 23, 2008. (*Id.*, dkt. # 41.) Movant did not seek review by the United States Supreme Court, nor did he file a motion under § 2255.

**DISCUSSION**

Initially, the Court finds that Movant's § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year period of limitation commencing from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The Supreme Court decided *Johnson* on June 26, 2015, and Movant filed his § 2255 Motion on February 1, 2016. In addition, the Sixth Circuit has determined that *Johnson* is retroactively applicable on collateral review. *In re Watkins*, 810 F.3d 375 (6th Cir. 2015).

Although Movant's motion is timely, he is not entitled to relief under *Johnson*. Section 924e(2)(B), which defines "violent felony," provides:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

2

(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

The bolded language is the residual clause, which is the only portion of the ACCA that *Johnson* declared unconstitutional. The remainder—the use of force and enumerated offenses provisions—stands intact. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.") As indicated above, movant was sentenced based upon his prior burglary convictions. Movant was not sentenced under the residual clause. Accordingly, Movant's sentence is unaffected by *Johnson*, and his sentence remains valid. *See Cox v. United States*, Nos. 3:15-CV-362-TAV, 3:13-CR-44-TAV-HBG-1, 2016 WL 552350, at *3 (E.D. Tenn. Feb. 10, 2016) (concluding that the defendant's sentence under the ACCA remained valid after *Johnson* because the defendant's prior convictions for burglary constituted violent felonies).

Having concluded that Movant is not entitled to relief, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if Defendant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Movant is not entitled to relief debatable or wrong. Therefore, the Court will deny Movant a certificate of appealability.

CONCLUSION

For the foregoing reasons, the Court will dismiss Movant's § 2255 Motion and deny Movant a certificate of appealability.

A separate order will enter.

Dated:  March 1, 2016                              _____/s/ Gordon J. Quist_____
                                                                    GORDON J. QUIST
                                                                    UNITED STATES DISTRICT JUDGE